*LASC, Case No.: SC114291*

| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT | **PRIORITY SEND** |
| | CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   **CV 11-10607-JFW (JEMx)**                                    Date:  February 1, 2012

Title:     Harold Yeoman, et al. -v- Depuy Orthopaedics, Inc., et al.

---

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

    On September 28, 2011, Plaintiffs Harold Yeoman and Fran Yeoman (collectively, "Plaintiffs") filed a Complaint against Defendants DePuy Orthopaedics, Inc., DePuy, Inc., Johnson & Johnson Services, Inc., Johnson & Johnson, Inc., Thomas P. Schmalzried, M.D., and Thomas P. Schmalzried, M.D., a Professional Corporation (collectively, "Defendants") in Los Angeles Superior Court.  On December 22, 2011, Defendants DePuy Orthopaedics, Inc., DePuy, Inc., Johnson & Johnson Services, Inc., Johnson & Johnson, Inc., (the "DePuy Defendants") filed a Notice of Removal of Action under 28 U.S.C. Section 1441(b) ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, because non-diverse Defendants Thomas P. Schmalzried, M.D., and Thomas P. Schmalzried, M.D., a Professional Corporation were fraudulently joined,[1] and the amount in controversy exceeds $75,000.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, the DePuy Defendants bear the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche*

---

    [1]  The Court takes no position on whether Thomas P. Schmalzried, M.D., and Thomas P. Schmalzried, M.D., a Professional Corporation were fraudulently joined, because this action must be remanded on other grounds.

*Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Federal jurisdiction founded on Section 1332(a) requires that the parties be in complete diversity and the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. When, as in this case, "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* at 377 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)); *see also Valdez v. Allstate Ins. Co.* 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, Allstate should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation omitted). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

The DePuy Defendants argue that it is facially apparent from Plaintiffs' Complaint that the amount in controversy exceeds $75,000. However, the DePuy Defendants' arguments regarding the amount in controversy in the Notice of Removal are not supported by citation to specific facts or summary judgment type evidence, but, instead, rely on assumptions, speculations, and conjecture. For example, the DePuy Defendants simply assumes that given the Plaintiffs' vague claims of Mr. Yeoman's "debilitating pain" and "inhibitions of his ability to walk," "it is evidence that the amount of recovery sought by plaintiffs exceeds $75,000" without offering any specific facts or summary judgment type evidence to support that assumption. *See Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1199 (N.D. Cal. 1998) (holding that defendants could not meet the burden of demonstrating the amount in controversy "simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money."); *see also Gordon v. Allstate Insurance Co.*, 2010 WL 1949164 (D. Ariz. May 13, 2010) (holding that "while verdicts in similar cases can be probative, they are not determinative; Defendants must point to facts that would support a $75,000 or higher punitive damage award in this case.").

Therefore, the DePuy Defendants' conclusory allegations in this case do not prove by a preponderance of the evidence that the jurisdictional amount is satisfied. *See, e.g., Alvarez v. Limited Express, LLC,* 2007 WL 2317125, at *4 (S.D. Cal. Aug. 8, 2007) (remanding where defendant "chose not to provide the underlying facts and instead relied on a speculative, conjectural estimate from plaintiff's motion papers"); *see, also, Lowdermilk v. United States Bank National Association*, 479 F.3d 994, 1002 (9th Cir. 2007) (holding that a court cannot base its jurisdiction on speculation and conjecture). Accordingly, the DePuy Defendants have failed to meet their burden of demonstrating that the amount in controversy exceeds $75,000.

Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.